

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00023-CR

---

SARIAH GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1887937

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On December 18, 2025, Sariah Garcia pled guilty to the offense of theft of property valued at less than $2,500.00, with two or more prior theft convictions. Garcia was sentenced to ninety days' confinement in jail. Despite the trial court's certification that this was a plea-agreement case and that Garcia had no right of appeal, she timely filed a notice of appeal.[1] Because we find that we are without jurisdiction, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)    . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)    those matters that were raised by written motion filed and ruled on before trial,
>>
>> (B)    after getting the trial court's permission to appeal, or
>>
>> (C)    where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that (1) this specific appeal is expressly authorized by statute, (2) Garcia filed a motion that was ruled on before trial, or (3) Garcia obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Garcia's right of appeal indicates that she has no right of appeal.

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, upon proper certification by the trial court indicating there is no right of appeal, this Court will dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

On February 17, 2026, this Court sent Garcia a letter informing her of the apparent defect in our jurisdiction over her appeal and afforded her an opportunity to respond and, if possible, cure such defect. On February 23, 2026, we received Garcia's response. In it, she concedes that she pled to the charged-offense and that she "has no intent to oppose the dismissal of" this appeal.

Because Garcia has no right of appeal due to her plea agreement with the State and because the trial court's certification correctly indicates that she is without a right of appeal, we dismiss this appeal for want of jurisdiction.


                                    Charles van Cleef
                                    Justice


Date Submitted:     February 26, 2026
Date Decided:       February 27, 2026

Do Not Publish